CASE 7—PETITION EQUITY—JANUARY 13.

# Cunningham v. Fraize.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

JURISDICTION TO SETTLE TRUSTEE'S ACCOUNTS.—Where an express trust is created by will or deed, and the trustee desires simply to settle his accounts, he must go to the county court where the evidence of the trust, or the writing creating it, is recorded.

Where a trust was created by will recorded in Hardin county, the Breckinridge Circuit Court had no jurisdiction of an action by the trustee seeking a settlement of his accounts.

BACON & STITES FOR APPELLANT.

1. The guardian *ad litem* may appeal in the name of the infants. (Reed v. Louisville Bridge Co., 8 Bush, 69.)
2. The Breckinridge Circuit Court was without jurisdiction. A trustee must settle his accounts in the county of his appointment and qualification. (Snyder v. Snyder, 1 Md. Ch'y, 295; Brown v. Wallace, 4 Gill & J., 479; McAfee v. Bolden, 6 Bush, 537; Civil Code, secs. 471 and 472.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

In the year 1874 A. H. Cunningham died in the county of Hardin, where he resided, leaving a last

will that was admitted to probate in that county. By this will he made his wife trustee for his infant children, who qualified and acted as such until her death in the year 1883. She also left a will, and her executor, who had also qualified in that county, her will having been probated there, brought an action to settle her estate and her accounts as trustee for her children.

The circuit court in Hardin county appointed the appellee, Fraize, trustee under both wills, who qualified and took possession of the trust estate. He never settled his accounts as trustee in Hardin county, but brought this action in the Breckinridge Circuit Court, seeking a settlement of his accounts in that court. The question arises, has the Breckinridge Circuit Court jurisdiction?

By section 471 of the Civil Code, it is provided that "the provisions of article 14, chapter 28, of the General Statutes, regulating the settlement of the accounts of personal representatives and guardians, are adopted as part of this Code." Section 472 provides that "the accounts of committees and trustees may be settled in the same manner, and the settlement shall have the same effect as prescribed by sec. 471. The county court of the county in which the committee is appointed, or in which the deed or will creating the trust is recorded, shall have the jurisdiction of making the settlements." It seems to us that where an express trust is created by will or deed, probated or recorded in the county where the parties live, or where the evidence of the trust is required to be recorded, that the tribunal for settling such trusts is the county court where the evidence of the trust, or the writing creating it, is re-

Cunningham v. Fraize.

corded. Such is the doctrine in regard to settlements by guardians and administrators, and where suit is to be instituted for the settlement of the trust against the trustees by the beneficiary, it should be in the circuit court of the county where the trust is recorded.

Here the trustee is trying to settle in one county by a proceeding in the chancery court, when the evidence of his trust and the property acquired under it is in another county. These beneficiaries are infants, and their accounts or claims against the trustee may require various settlements in order to ascertain the amount due each, and to have such settlements made in various jurisdictions by different courts, would create confusion by separating the trust accounts and subjecting the action of the trustee as to allowances and credits to the supervision of different tribunals. This accounts for confining the jurisdiction to the county court, where the trustee may settle, and where the evidence of the character of his estate and the expenditures can always be found. That a trustee may apply to the circuit court of the county where the trust is recorded for its proper construction, or the beneficiary may sue in that county to enforce the trust or require a settlement; or the trustee, for other equitable reasons, may seek the aid of a court of equity, there can be no doubt; but here the trustee desires only to settle his accounts, and therefore should go to the county court of Hardin and make his settlement.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.